HOME INSURANCE CO. OF NEW YORK *v.* DELTA BANK.

1. PLEADINGS. *Rejoinder.  Demurrer not disposed of.  Waiver.*

    A defendant who has demurred to a replication, and, without any disposition thereof, rejoins, will be held to have waived the demurrer.

2. FIRE INSURANCE. *Inventory.  Iron safe clause.*

    A provision in a policy of fire insurance on a stock of merchandise that it shall be void if the insured fails to preserve in a fire-proof safe the last inventory of the business—this generally known as the iron safe clause—does not refer to the original invoice or inventory of the stock made before its purchase by the insured, and as a basis therefor.

3. SAME. *Breach of conditions.  Policy good as to part.*

    Although a policy of fire insurance on a stock of merchandise composed of a dry goods and a grocery department is void as to the goods of the former under said iron safe clause, because of the failure to preserve the last inventory of the business, it will not be invalid for that reason as to the goods in the grocery department, they having been recently bought in bulk as an entire stock, and no inventory having ever been taken thereof. .

4. SAME. *Action on policy.  Breach, when immaterial.  Verdict.*

    A recovery on such policy, otherwise correct, will be sustained, notwithstanding it be void as to one department of the store, under the iron safe clause, if it be valid as to another department, and the value of the goods in the latter is sufficient to entitle to the recovery. The existence of additional insurance on the stock will not prevent a recovery of the full amount of the policy, if it be not set up in the pleadings.

5. SUPREME COURT. *Special bill of exceptions.  Correct result.*

    Although there has been no motion for a new trial, and the case is appealed on a special bill of exceptions, if this shows that it contains all

the evidence, and it appears that the only proper judgment has been rendered, it will be affirmed, notwithstanding the result was reached by wrong methods or even by accident.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

The Delta Bank of Greenwood, Miss., as assignee of a policy of fire insurance, brought this action against the Home Insurance Company, of New York, to recover for loss of a stock of merchandise covered by the policy. The amount demanded was two thousand dollars, being the full amount of the policy. The property insured is described in said policy as "a stock of merchandise, consisting of dry goods, groceries, boots, shoes and such other merchandise not more hazardous, usual to his trade, while contained in the first story of the two-story brick building, situated in the city of Greenwood, Miss., occupied by assured as general store."

Among other clauses contained in the policy, are the following:

"*Three-fourths Value Clause.*—It is a condition of this this policy that, in an event of loss or damage by fire to the property insured, this company shall not be liable for an amount greater than three-fourths of the cash value of the same, not exceeding the amount of this policy at the time immediately preceding any loss or damage; and, in the event of other insurance on the property insured, then this company shall be liable for its proportion of three-fourths such cash market value at the time of the fire."

"*Iron Safe Clause.*—The assured under this policy hereby covenants and agrees to keep a set of books showing a record of business transacted, including all purchases and sales, both for cash and credit, together with the last inventory of said business; and further covenants and agrees to keep such books and inventory securely locked in a fire-proof safe at night, and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place, not exposed to fire which would destroy the

house where such business is carried on; and, in case of loss, the assured agrees and covenants to produce such books and inventory, and, in event of the failure to produce the same, this policy shall be null and void, and no suit or action at law shall be maintained for such loss."

The defendant filed, among others, a special plea setting up a breach by Stein, the insured, of the above-quoted iron safe clause of the policy. To this plea plaintiff filed a replication, averring that Stein did keep a set of books showing a complete record of business transacted, including all purchases and sales, both for cash and credit, as required by the terms of said policy, and that the said Stein did produce such books upon request. Several other replications were filed, which, while not distinctly averring a compliance with the iron safe clause, sought to avail of waivers which plaintiff claimed had been made by the agent of defendant. No question of overvaluation or the existence of other insurance is presented by the pleadings.

The defendant filed a demurrer to these replications, but the record in this court fails to show that any action was taken on the demurrer, or that it was in any way disposed of. On motion in this court by the appellant to perfect the record so as to show an order overruling the demurrer, a certiorari was issued to the clerk of the circuit court to supply the supposed defect, but the return on the writ of certiorari disclosed that the minutes of the circuit clerk showed no disposition of the demurrer, and the motion of the appellants for leave to show such order by extrinsic evidence was refused.

The defendant filed rejoinders taking issue on the replications, and the case proceeded to a trial thereon, resulting in a verdict for plaintiff for two thousand dollars, the amount of the policy. There was no motion for a new trial. Defendant appeals on special bills of exceptions taken to divers rulings on the evidence, to the refusal of its motion to exclude evidence, and to the giving of instructions for the plaintiff.

The evidence showed that the stock of merchandise was

burned January 30, 1893, without fault of the insured, and that the loss was total; that the stock, prior to March 11, consisted of dry goods, clothing, boots, shoes and goods of like character usually kept in a dry goods store; that an inventory of the goods then on hand had been taken on March 1, 1892, but when the safe was opened after the fire the book was not in it, and plaintiff testifies that it must have been left out through mistake.

On March 11, 1892, Stein purchased a stock of groceries and added a grocery department to the store. The goods were purchased as an entire stock from one Bacon, who furnished an inventory thereof, which Stein compared and checked off to see if it was correct. No inventory was ever made of the goods in this department after their purchase by Stein. The stock of groceries was kept in a separate apartment of his store, and separate books were kept in that business, and, after the loss, these books were produced in accordance with the requirements of the policy.

Many questions raised by the pleadings and the assignments of error are argued by counsel, but, in view of the opinion, which is addressed mainly to the correctness of the verdict, without regard to the course of the pleadings, it is unnecessary to make a further statement of the case.

*Calhoon & Green,* for appellant.

It was error to try the case with the demurrer to the replications undisposed of. The court knew that it had been overruled, and that rejoinders were filed, not voluntarily, but because of the adverse ruling of the court. Issues of law should be disposed of before the trial of issues of fact. *Harper* v. *Bondurant,* 7 Smed. & M., 397; *Mayfield* v. *Barnard,* 43 Miss., 270; *Cassedy* v. *Jackson,* 45 *Ib.,* 397; *Waterbury* v. *McMillan,* 46 *Ib.,* 635.

If it be true that no reversal will be had for mere errors in pleadings not involving matters of substance, it cannot be held that the question presented by the demurrer is imma-

terial. It was the basis upon which the whole case was erected. The defense presented by the demurrer was vital. The case has been tried upon a theory that is not the law if the demurrer is good, and the defense that was set up has been defeated by a failure to enter an order. If this court is powerless to correct the record, it certainly should not indulge the presumption of a waiver of the demurrer.

There can be no question as to the policy being void under the iron safe clause. It is claimed, however, that no inventory had been taken of the grocery department, and that there was no breach as to this. It is, however, shown that there was an inventory taken at the time of the purchase, and that there was a breach of the condition of the policy, in that Stein did not keep a correct set of books, showing his purchases for cash and credit. The testimony shows that it was important for the company to get all the books, bills and other information that the inventory would have shown.

The verdict cannot be upheld on the theory that the correct result was reached under the evidence, for there was no motion for a new trial, and the case was appealed on special bills of exceptions taken during the progress of the trial. It is only when this court reviews the action of the judge below upon the facts, invoked by the motion for a new trial, that this court should affirm or reverse on the evidence. The fact that in this case all the evidence is in the special bill of exceptions will not warrant an affirmance upon these facts. It was necessary to have all the evidence in the bill, so that the legal questions could be raised. There was a motion to exclude all the evidence, which was overruled, and this made it necessary to set out all the evidence.

We admit that, by reason of the failure to except to the order overruling the motion for a new trial, we are precluded from looking at the testimony embodied in the bill of exceptions with a view of determining the correctness of the verdict on the facts, but must rely on the law alone. *Bourland* v. *Supervisors,* 60 Miss., 996.

*Rush & Gardner,* for appellee.

As there was no motion for a new trial, this court will presume that sufficient evidence was before the jury to justify the verdict.   54 Miss., 507.

An inventory of the grocery department had been taken by Stein before buying the groceries, and that had been checked off at the time.   This was the only inventory taken of that department.   The iron safe clause, requiring the last inventory to be preserved, has no application to this.

Examination of all the evidence in the case will warrant this court in upholding the judgment of the lower court, although there may have been mistakes in the instructions. *Hilliard* v. *Cagle,* 46 Miss., 309.

We submit the verdict was right, and the judgment should be upheld.

Argued orally by *S. S. Calhoon,* for appellant, and *W. T. Rush,* for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The appellant having demurred to the replications, and, without the demurrer having been disposed of, rejoined, must be held to have waived the demurrer.   Besides this, the question raised by the demurrer was fully presented in the trial of the issues of fact, and no harm was suffered by the defendant by the failure to obtain a ruling on the demurrer it presented.

Conceding that error was committed in the trial of the issues joined, and that the plaintiff was not entitled to recover for the loss on the " dry goods and general merchandise stock," because of the breach of the " iron safe clause " of the policy, it seems to us that a recovery was rightly had for the loss on the " grocery department."   As to that, there was no breach of the condition of the policy in the matter which is claimed to be fatal to recovery for the loss in the other department.   The grocery business was begun March

11, 1892, and no inventory of the grocery stock had been taken, and, therefore, there was no inventory to be preserved and produced as required by the policy. The invoice of the goods by which they were purchased was not the sort of inventory contemplated by the policy, and its non-production was not a breach of it. The evidence shows the loss of goods in the " grocery department," covered by the policy sued on, to an amount sufficient to entitle to recover the sum of the policy; and while it appears that there was another policy on the goods covered by this, as we know nothing more of that, and have to deal only with this, that presents no reason for denial of recovery on this.

We observe the fact that there was no motion for a new trial, and that the case is before us on a special bill of exceptions, but it specifically informs us that it contains " all the evidence in the case," and therefore, with all the evidence in the case before us, and seeing that upon that a proper result was reached, even though by wrong methods or by accident, it is right to maintain it.

*Affirmed.*