### NORTHERN ASSURANCE COMPANY, OF LONDON, ENGLAND, V. CITY SAVINGS BANK.

Decided May 11, 1898.

**1.  Insurance—Transfer of Property—Retaining Lien.**

A policy of insurance conditioned to be void if any change take place in the interest, title, or possession of the subject matter of insurance is avoided by a sale and conveyance of the property by insured, though such sale was upon credit, and the deferred payments secured by reservation of vendor's lien and by reconveyance of the property in trust; such transaction vesting an interest, though not the superior title, in the grantee.

**2.  Same—Change of Possession.**

The fact that the property was in possession of a tenant of the insured, who after the sale held as tenant of the purchaser, operated as a change of the possession sufficient to avoid the insurance under the provisions of such policy.

APPEAL from McLennan.  Tried below before Hon. MARSHALL SURRATT.

*Dyer & Dyer,* for appellant.

*Scarborough & Scarborough,* for appellee.

FISHER, Chief Justice.—This is an action by the appellee against the appellant on a policy of insurance for the sum of $700 on a certain building situated in the city of Waco. The defendant pleaded that it was not liable on the policy, because the assured had transferred the property covered by the policy without its consent, in violation of a stipulation to the effect that the policy shall become void if any change takes place in the interest, title, or possession of the subject matter of insurance.

Judgment below was rendered in favor of the appellee for the amount sued for. The case below was tried upon the following agreed facts:

"It is agreed between the parties to this suit to perfect an appeal on behalf of defendant, as follows:

"1. That there be incorporated in the record plaintiff's original petition, defendant's first amended original answer, plaintiff's first supplemental petition, and defendant's first supplemental answer, the judgment entered in this behalf, and this agreement.

"2. It is admitted that the judgment rendered in this behalf is correct and has been properly rendered and ought to be affirmed, unless the same be reversed upon the following stated facts, viz.:

"First.—It is agreed that the policy of insurance sued on in this case, and which was in evidence by plaintiff, contains among other provisions the following provision: 'This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if any change, other than by the death of the assured, take place in the interest, title, or possession of the subject matter of insurance, whether by legal process or judgment, or whether by the voluntary act of the insured or otherwise.'

"Second.—Said policy of insurance sued upon, and upon which judgment was rendered in this behalf, contains the following additional provision, viz.: 'This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon, or added hereto; and as to such provisions and conditions, no officer, agent, or representative shall have such power, or be deemed or held to have waived said provisions or conditions, unless such waiver, if any, shall be written upon or added hereto.'

"Third.—It is admitted that the property covered by the insurance policy of the defendant company and upon which judgment was rendered in the above cause, was, on the 15th day of December, 1896, sold and conveyed by warranty title to one B. Atkinson, who became the

owner of said property by said conveyance, prior to the destruction of said property by fire, and which deed of conveyance was made by the plaintiff, City Savings Bank, to the said Atkinson, for the consideration of one horse, harness, and buggy and $1000, secured by ten vendor's lien notes of $100 each, and vendor's lien was retained in said deed of conveyance to secure the payment of said unpaid purchase money; and which unpaid purchase money was secured as to its payment by a deed of trust and made contemporaneously with said conveyance by the said B. Atkinson to the said City Savings Bank.

"Fourth.—It is further agreed that the insurance policy sued upon in this case, and upon which judgment was rendered, was not assigned in writing, verbally, or otherwise, by the said City Savings Bank to B. Atkinson; and that the defendant company nor any of its agents knew of said conveyance or consented thereto, in writing, verbally, or in any manner; and that the property covered by the contract of insurance sued upon in this cause, and which was situated on said premises conveyed to said B. Atkinson, was destroyed by fire after said conveyance of said property by plaintiff to B. Atkinson; and it is further admitted that after said conveyance was made by plaintiff to B. Atkinson on the date aforesaid, that said premises was occupied, and the same tenant continued to occupy them after said conveyance, and up to the time of the destruction thereof by fire, and as the tenant of B. Atkinson, with the understanding that the rents accruing after said conveyance should be paid to the plaintiff towards payment and extinguishment of the purchase money due from B. Atkinson to the plaintiff.

"Fifth.—Now, it is agreed that if said sale and deed of trust, one or either thereof, under the terms of said policy, did not render the same void according to the provisions above quoted, then the judgment of the District Court of McLennan County, Texas, ought to be affirmed, and if otherwise, that the judgment of the said last mentioned court shall be reversed and judgment rendered for the defendant company."

In our opinion, two reasons may be given why the judgment of the trial court should be reversed and here rendered in favor of appellant.

1. The deed of conveyance from the appellee to Atkinson was a transfer of an interest in the property covered by the policy. The deed executed by the Savings Bank to Atkinson was an absolute conveyance of the property, retaining, however, a vendor's lien in its favor to secure it in the payment of the purchase money. Upon this conveyance, Atkinson could have maintained an action of trespass to try title, and it was sufficient to vest in him a title upon which he could recover from a trespasser the property in controversy, and it vested in him, even as against his vendor, a right in the property, until there was a default in payment of the purchase money. The Savings Bank, as the vendor by reason of the deed of trust executed to it by Atkinson, and the retention of its vendor's lien upon the property in question, retained an interest in the property superior to that of Atkinson, but which could not be enforced until Atkinson had made a default, after maturity, in the pay-

ment of the purchase money. Nothing to this effect is shown from the facts, as stated; but while it is true the vendor retained the superior title, the conveyance to Atkinson invested him with an interest in the property. It may have been less than the legal title, as against the vendor, but it was certainly the transfer of an interest.

2. The stipulation in the policy also provides that it shall be void if any change takes place in the possession of the property. Now, the facts clearly show that after the transfer to Atkinson, the old tenant that remained in possession held and occupied the property for Atkinson, and that he was Atkinson's tenant. The possession thus held would, in law, be that of Atkinson.

For the reasons stated, the judgment of the trial court is reversed and judgment here rendered, to the effect that appellee take nothing by its suit, and that the appellant recover from it all the costs of the trial court and of this court.

*Reversed and rendered.*

Writ of error refused.