J. T. Osborn, for use of Jared Davis, Appellee, v. American Insurance Company, Appellant.

INSURANCE—*when fire policy void by reason of change of ownership.* *Held,* that the policy in suit became void by reason of the change in the ownership of the property insured without the consent of the company, and *held* further, under the evidence, that a soliciting agent of such company had and assumed no authority to make an assignment of the policy or to consent thereto or to waive any of the conditions of such policy after it was issued.

*Assumpsit.* Appeal from the Circuit of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1909. Reversed with finding of facts. Opinion filed October 25, 1909.

THOMAS BATES and ACTON & ACTON, for appellant.

O. M. JONES and REARICK & MEEKS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in *assumpsit* upon a fire insurance policy. A trial by jury resulted in a judgment against defendant for $3000, to reverse which it prosecutes this appeal.

The policy, which is set out in full in the declaration, contains the following provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the assured be other than unconditional and sole ownership, or if any change other than by the death of the assured takes place in the interest, title or possession of the subject of insurance, or if this policy be assigned before loss."

The policy also recites that "In any matter regarding this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company;" that the policy was made and accepted subject to the foregoing stipulations and conditions, and that no agent

had power to waive any of the provisions unless indorsed in writing on the policy. Another clause provides that if the policy should be cancelled or become void or cease, the unearned premium should be returned on surrender of the policy, the company retaining the customary short rate.

The defendant pleaded the general issue and a number of special pleas. The second plea alleges that the plaintiff sold and conveyed the property described in the policy to Davis, the usee plaintiff, and that no consent to said change was ever made by the company, nor was the condition waived, by reason whereof the policy was void. The third plea sets out the provisions of the policy prohibiting assignment, and avers that the policy was assigned by plaintiff to Davis without any consent of the company, which avoided the policy. In the view we take of the case it will be unnecessary to consider the defenses raised by the remaining pleas.

The facts in the case, as shown by the record, are as follows: Prior to and on February 28, 1908, one Armstrong was the soliciting agent for appellant at Allerton, Illinois, with authority to solicit insurance, take written applications therefor, forward the same to the general agent of the company at Rockford, Illinois, and, if the applications were accepted by such general agent and a policy was issued by him, to then collect the premium and remit it to the company's office at Rockford. He had no authority to and did not pass upon applications or determine for the company whether policies should be issued thereon. On February 24, 1908, the appellee, Osborn, made a written application addressed to the manager of the company at Rockford, Illinois, for a policy in the sum of $3000, covering a stock of dry goods, groceries, clothing, and store fixtures, contained in his store at Collison, Illinois. The application was delivered to Armstrong, who forwarded it to the manager at Rockford, and upon February 28, the policy was written by the company pursuant to the application, duly executed, and sent to Arm-

strong at Allerton, who delivered the same to Osborn and received the premium.

After the policy was issued, and in the latter part of June, 1908, Osborn sold the stock of goods and the fixtures described in the policy to Jared Davis, and on June 29, 1908, Davis took possession of the same. On July 4, or about one o'clock on the morning of the 5th, the store, together with the stock and fixtures, was entirely destroyed by fire. The officers of the appellant company were notified of the fire, and sent its agent Smith to Collison, to investigate the loss. On July 13, the company learned for the first time, through Smith, of the sale of the stock and fixtures to Davis, and that possession of the same had been turned over to him. Liability was denied under the policy, whereupon Osborn brought the present suit upon the same for the use of Davis. It appeared upon the trial that after the stock and fixtures were sold and turned over to Davis, Osborn wrote a letter to Armstrong stating that he had sold the stock and fixtures to Davis, and wished to assign the policy to him; that about three days thereafter he received a reply from Armstrong telling him to fill up the blank on the back of the policy and send it to him, Armstrong, and he would have the matter attended to, or if he did not know how to fill up the assignment, to send it to him, and he, Armstrong, would fill it up and send it back to Osborn for his signature, and that upon this being done and the policy returned to him, he would have the matter attended to. Osborn then filled up the assignment, but failed to send the policy to Armstrong or to thereafter have any further negotiations or communication with him relative to the matter.

It is apparent from the evidence that Armstrong was but a soliciting agent; that he had and assumed no authority to make an assignment of the policy, or to consent thereto, or to waive any of the conditions of the policy after it was issued and delivered. The policy was void by reason of the change of ownership

of the property. Appellee contends that it is immaterial as to what the actual authority of Armstrong was, but that if the evidence was sufficient to warrant the jury in finding that he had apparent authority, the fact that he had express notice that the property had been transferred to Davis, and that it was desired to keep the policy in force in his favor, and the company having elected to retain the unearned premium after such notice, the condition in question was waived.

Waiving the question as to whether or not Armstrong had authority, either actual or apparent, to consent to an assignment of the policy, we think that the court should have at the close of all the evidence directed a verdict in favor of the defendant, for the reason that the evidence is insufficient to warrant a finding that he assumed to or did consent to such assignment or that he had any knowledge that such assignment had been made. The judgment of the Circuit Court is reversed, and the clerk of this court will insert as a part of the judgment herein a finding that the appellee violated the provision of the policy in suit by selling the property covered thereby without obtaining the written consent of the appellant to such transfer of ownership.

*Reversed with finding of facts.*