DORROH-KELLY MERCANTILE COMPANY v. ORIENT INSURANCE COMPANY.

No. 2146. Decided March 29, 1911.

**Insurance—Itemized Inventory—Substantial Compliance.**

A provision in a contract insuring a merchant's stock of goods that the insured shall once a year take a complete itemized inventory of the stock on hand, must be substantially complied with to entitle the insured to recover. An inventory of a stock which stopped after listing goods to the amount of $17,588, leaving goods to the value of $3,000 or $4,000, intentionally omitted was not a substantial compliance with the requirement, though the items enumerated were of greater value than the amount of the insurance. (Pp. 200-203.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Upshur County.

The mercantile company sued the insurance company and had judgment. On appeal by defendant this was reversed and rendered in favor of appellant, and appellee obtained writ of error. The case on appeal is reported in 59 Texas Civ. App., 289, Orient Ins. Co. v. Dorroh-Kelley Merc. Co.

*J. P. Hart, Warren & Briggs* and *Young & Stinchcomb,* for plaintiffs in error.—The Court of Civil Appeals erred in holding, as it does, that the undisputed facts show that a complete itemized inventory of the stock of merchandise insured was not taken in 12 calendar months prior to the date of the policies, and in concluding as a matter of law that there was no substantial compliance with the terms of the policies, in that particular, and therefore the polices are void. Phoenix Assur. Co. v. Stenson, 34 Texas Civ. App., 471; Nutt v. Virginia Fire Ins. Co., 45 S. W., 61 (Tenn.); Hartford Fire Ins. Co. v. Walker, 60 S. W., 820; Knoxville Fire Ins. Co. v. Hird, 4 Texas Civ. App., 503; East Texas Fire Ins. Co. v. Harris, 7 Texas Civ. App., 647; L. L. & G. Ins. Co. v. Kearney, 46 S. W., 414 (Ind. Ter.).

*Crane & Crane,* for defendant in error.—The intentional omission from an inventory of three or four thousand dollars worth of goods, or practically one-fifth or one-sixth of the entire stock, prevents the inventory from being complete. Monger & Henry v. Insurance Co.,

97 Texas, 362; Beville v. Insurance Co., 46 S. W., 914; Scottish Union & Natl. v. Weeks Drug Co., 118 S. W., 1086.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

On January 29, 1908, J. M. Dorroh and his son, J. M. Dorroh, Jr., were owners of a stock of merchandise situated at Big Sandy, Texas, and were negotiating with T. J. Kelly to sell to him a half interest in the said stock of goods. For the purpose of ascertaining the value of the stock, as a basis for the transaction, the parties took a partial inventory of the said stock of goods. With reference to this inventory Kelly testified substantially as follows: "The interest that I was buying was in the stock of goods at Big Sandy and also at Pritchett. I was to get a one-half interest. We made the trade on the basis that there was a $20,000 stock on hand; but invoicing the stock in the building at Big Sandy, we got up to $18,638 and some odd cents—that is to say we inventoried that much goods including the furniture and fixtures, and at the time we left uninventoried about $2000 approximately of goods. I swore on a preliminary examination that we left uninventoried $3000 or $4000 and there was probably that much uninventoried. Of the amount inventoried there was $1050 furniture and fixtures. Taking that from $18,638 leaves the actual amount of stock that we inventoried as a basis of the trade as $17,588.01. This item was entered on the stock account. When we reached that point I told them that the stock was going to be of greater value than I anticipated—that I had only $6,178.50 to put into the business and there was no use going further with it. After some conference with the elder Dorroh and the junior Dorroh, it was agreed that we should stop taking the inventory and they would sell me one-half interest in the business for the sum of $6,187.50. This sale included all the stock of goods at Big Sandy, including furniture and fixtures and some $1,900 worth of stock at Pritchett, but the Pritchett goods were not included in this inventory."

After this inventory had been completed Kelly purchased a one-half interest in the stock and the parties formed a corporation under the name of the Dorroh-Kelly Mercantile Company.

On February 7, 1908, the Orient Insurance Company issued to the Dorroh-Kelly Mercantile Company one of the policies sued upon, being No. 149,998, wherein it insured the said stock of goods to the said Mercantile Company against loss by fire for one year in the sum of $1,000.00, and, on April 1, 1908, the said Insurance Company issued to the Mercantile Company another policy on the same stock of goods, which policy is No. 330,456, whereby it insured the said stock of goods against fire in favor of the said Mercantile Company for one year in the sum of $2,300.00.

On January 9, 1909, the stock of merchandise, then valued at $22,000.00, and at the time insured for $16,000.00, was destroyed by fire, except a portion of the stock which was valued at the sum of $2,000.00. The Insurance Company denied liability upon the ground that no inventory of the goods had been taken in compliance with the terms of the contract.

At the trial the Insurance Company requested the court to give a

peremptory instruction to the jury to find for the defendant, which was refused, and under the charge as given a verdict was returned by the jury in favor of the plaintiff for the sum of the two policies with interest and a judgment was accordingly entered. Upon appeal to the Court of Civil Appeals of the Sixth District the judgment of the trial court was reversed and judgment was rendered in favor of the Insurance Company.

Each of the policies here sued upon contained practically the following provision:

"The following covenant is hereby made a part of this policy, and a warranty on the part of the assured:

"Section 1. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and unless such inventory has been taken within twelve calendar months prior to the date of this policy, and is on hand at the date of this policy, one shall be taken complete in detail within thirty days after the date of this policy, or this entire policy shall be null and void from such date."

There is no conflict in the evidence with regard to the character of the inventory made nor the time at which it was made. It is uncontroverted that there was not a complete inventory of the stock taken at the time the sale was made by Dorroh & Son to Kelly. No inventory was made subsequent to that time and no complete inventory had been made of the stock of goods within one year prior to the issuance of either of the above stated policies. The only question in this case is, can the plaintiff be allowed to recover upon either of these policies under the state of facts herein given? Chief Justice Wilson of the Court of Civil Appeals filed an opinion in this case in which he discussed all of the issues presented by the parties at considerable length and with ability and clearness. We will not enter into the examination or discussion of any question raised in the case except the one presented by the Insurance Company to the effect that the Mercantile Company, having failed to make such inventory, as the contract of insurance provided for, the policies were void and no recovery can be had.

The sole question in this case is, does the invoice taken by the plaintiffs in error before the issuance of the policy comply with the terms of the contract as specified in the above copied section of said policy. In determining this question we must apply the same rules of construction that would control in the interpretation of other contracts. The contract, having been prepared by the Insurance Company to express the terms of its own undertaking, must be construed most favorably to the assured, and a substantial compliance with such terms will satisfy the obligation. We come then to the question, does the inventory which was made by the plaintiffs in error before the taking out of the policy substantially comply with these terms of the policy: "The assured will take a complete itemized inventory of stock on hand at least once in each calendar year," etc. The invoice must contain a *complete itemized* statement of the stock on hand in order to meet the requirements of the covenant, and if it does not substantially do so, then the plaintiffs in error can have no right of action thereon.

In Western Assurance Co. v. Kemendo, 94 Texas, 367, in treating of this subject this court said: "An itemized inventory is one that specifies the different articles composing the stock insured, and if that which has been offered as a substantial compliance with this requirement does not furnish the means of ascertaining the same facts that an inventory would, then it can not be held to be a substantial compliance with the contract. The object of having the inventory made was not to ascertain the gross value of the property insured, but to ascertain the different articles which went to make up the stock in order that the Insurance Company might test the correctness of the claim in two respects: (1) whether the articles of which the stock was composed all belonged to the classes of property covered by the policy, and (2) whether the valuation attached to the different items and which went to make up the total sum expressed, was reasonable. The failure to produce an inventory or that which is equivalent in these particulars could not be held to be a substantial compliance with the requirements of the policy. Roberts, Willis & Taylor Co. v. Insurance Co., 19 Texas Civ. App., 338. If the assured had furnished anything from which the information contracted for could be with reasonable certainty ascertained, then the question of substantial compliance would be before the court, but when there is no compliance whatever there can be no question of a substantial compliance with such requirements." Can it be said that an invoice is "complete," and "itemized," when it does not contain substantially all of the articles embraced in the stock at the time? The very language itself requires this and while it is true that the omission of unimportant items of little value and consequence would not be sufficient to defeat the right of recovery, yet it must be equally true that when the contract has not been complied with in material respects, the plaintiff can not recover. There was omitted, purposely, from the invoice articles of the value of three or four thousand dollars. This is not insignificant in any sense. It is not shown by the evidence that there was any means by which the articles so omitted could be established as having existed in the stock at the time the policy was issued. There is no ground upon which the claim of a substantial compliance with the contract can be sustained. The Insurance Company could not tell what was the class, or kind, or value of the different items which were omitted from the inventory. It is true that the evidence would sustain the claim that the inventory showed that the articles enumerated were of greater value than the total amount of insurance called for, but this was not the information contracted for. No doubt this was a matter of oversight on the part of plaintiffs in error and works a hardship to them, and we are not able to see from the evidence that it would have been any advantage to the Insurance Company to have had all of the items upon the inventory, but it is not for this court to vary the terms of the contract into which the parties entered nor to speculate as to what might or might not have been the consequences if the contract had been differently expressed. Parties make their own contracts and it is not within the province of this court to vary their terms in order to protect them from the consequences of their own oversights and failures in nonobservance of obligations assumed.

It being true that no inventory complying with the requirements of the policy had been taken within a year prior to its issuance and the insured having failed to take an inventory in compliance with those terms within thirty days from the time the policy was issued, the law is, that the terms of the contract must prevail and the policy was forfeited.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*