## NATIONAL UNION FIRE INS. CO. v. WALKER.†

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 14, 1912. Rehearing Denied · March 8, 1913.)

1. INSURANCE (§ 335*)—WARRANTIES—IRON-SAFE CLAUSE.

Where a fire policy required the insured to take a complete itemized inventory of stock on hand at least once each year, and provided that, unless such inventory had been taken within 12 months prior to the date of the policy, one should be taken within 30 days after issuance, and further required the insured to keep a set of books setting forth all purchases and sales either in a fireproof safe or in some secure place not exposed to fire which would destroy the building, the failure of insured to take an inventory within 30 days after issuance of the policy, none having been taken within 12 months previous, will bar recovery despite the rule that in construing insurance contracts that interpretation most favorable to the insured will be adopted, and even though the insured kept a set of books from which might be ascertained the amount of stock on hand at any given time.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 852, 853; Dec. Dig. § 335.*]

2. COURTS (§ 91*)—RULES OF DECISION—DECISION OF SUPREME COURT.

A decision of the Supreme Court is binding upon and must be followed by the Court of Civil Appeals. ·

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325, 326; Dec. Dig. § 91.*]

Error to District Court, Tarrant County; W. T. Simmons, Judge. ·

Action by J. L. Walker against the National Union Fire Insurance Company. There was a judgment for plaintiff, and defendant brings error. Reversed and rendered.

Wm. Thompson, of Dallas, and Sidney L. Samuels, of Ft. Worth, for plaintiff in error. Capps, Cantey, Hanger & Short and David B. Trammell, all of Ft. Worth, for defendant in error.

SPEER, J. J. L. Walker brought this suit in the district court of Tarrant county to recover from the National Union Fire Insurance Company for loss by fire to a stock of grain, bran, sacks, etc., under a policy of insurance in the sum of $3,000. There was

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
† Writ of error granted May 28, 1913.

a jury trial resulting in a verdict for plaintiff in the sum of $1,800, and from a judgment based thereon the defendant has prosecuted this writ of error.

[1] A question which we consider to be decisive of the appeal is presented in plaintiff in error's first assignment, to the effect that the trial court erred in refusing its special request for a peremptory instruction in its favor. The contention is based upon an alleged violation of the following warranty contained in the policy of insurance: "Iron-Safe Clause. The following covenant and warranty is hereby made a part of this policy: (1) The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within thirty days after issuance of this policy or this policy shall be null and void from such date."

The policy was issued on October 21, 1907, and the fire occurred October 3, 1908. The assured began business in the building covered by the policy September 20, 1907, and it is undisputed that no inventory had been taken within 12 calendar months prior to the date of the policy. It is also undisputed that no inventory of stock on hand was taken within 30 days after the issuance of the policy, but an inventory, was taken on May 18, 1908, showing the amount of bran, oats, and sacks on hand, but affixing no values thereto. The iron-safe clause referred to also contained the following: "(2) The assured will keep a set of books which shall clearly and plainly present a complete record of business transacted including all purchases and sales and shipments, both for cash and credit, from date of inventory as provided for in the first section of this clause, and also from date of last preceding inventory, if such has been taken, and during the continuance of this policy. (3) The assured will keep such books and inventory and also the last preceding inventory, if such has been taken, securely locked in a fireproof safe at night and at all times when the building mentioned in this policy is not actually opened for business, or failing in this, the assured will keep such books and inventories in some secure place not exposed to a fire which would destroy the aforesaid building and unless such books and inventories are produced and delivered to this company for examination after loss or damage by fire to personal property insured hereunder, this policy shall be null and void and no suit or action shall be maintained herein. It is further agreed that the receipt of such books and inventories for the examination of the same shall not be an admission of any liability under the policy nor a waiver of any defense to same."

The plaintiff's testimony tended to show that such books were kept and the accounts maintained in such a way that from these,

together with the invoices of purchases, it was possible to determine on any day the amount of goods on hand. In short, the evidence is such as to justify a verdict, to the effect that parts 2 and 3 of the iron-safe clause had been fully complied with, and the insistence is urged upon us that there has been a substantial compliance with part 1 first quoted as to justify a recovery herein. It is quite well settled that in construing insurance contracts that interpretation most favorable to the assured will be adopted. It is therefore held that a substantial compliance with the requirements of such a contract is sufficient. Insurance Co. v. Kemendo, 94 Tex. 367, 61 S. W. 1102. But as we view the present case there is not even a substantial compliance with section 1 of the iron-safe clause, inasmuch as no inventory whatever was taken within 30 days of the issuance of the policy and none had been taken within the 12 calendar months prior thereto. Whatever hardships may result, we are not at liberty to make any contracts for the parties, but at most can only adopt a liberal rule of interpretation in favor of the insured for the purpose of avoiding a forfeiture. The most liberal compliance with other sections of the clause cannot possibly be held to be a substantial compliance with the first section, but, on the other hand, is no compliance at all.

The question here involved appears to have been definitely settled in Orient Ins. Co. v. Dorroh-Kelly Merc. Co., 126 S. W. 616, and Id., 135 S. W. 1165, wherein our Supreme Court, through the Chief Justice, uses this language: "It is not for this court to vary the terms of the contract into which the parties entered, nor to speculate as to what might or might not have been the consequences if the contract had been differently expressed. Parties make their own contracts, and it is not within the province of this court to vary the terms in order to protect them from the consequences of their own oversights and failures in nonobservance of obligations assumed. It being true that no inventory complying with the requirements of the policy had been taken within a year prior to its issuance, and the insured having failed to take an inventory in compliance with those terms within 30 days from the time the policy was issued, the law is that the terms of the contracts must prevail, and the policy was forfeited."

The parties have seen fit to contract not only for the keeping of books by the insured, but for an inventory as well, and that such books and inventory shall be produced and delivered to the company for examination after loss or damage by fire. In keeping the books the insured has done no more than his contract required him to do. By language equally binding in its terms he has undertaken to furnish an inventory which he had admittedly failed to do, unless the keeping of the books in accordance with,

section 2 of the iron-safe clause has the effect of an inventory by supplying the information to be had by this means. As indicated by the terms of the contract, the parties have treated the inventory and books as different things and by stipulating for the production of both have indicated as clearly as words can that a compliance with one requirement would not take the place of a compliance with the other.

The case of St. Landry Wholesale Merc. Co. v. New Hampshire Fire Ins. Co., 114 La. 146, 38 South. 87, 3 Ann. Cas. 821, is very much in point and holds void a policy containing a similar clause where the assured failed to take an inventory but did produce a properly kept set of books from which an inventory approximately correct could have been made. In Cont. Ins. Co. v. Cummings, 78 S. W. 378, the stipulation for the preservation of the "next preceding inventory," was not complied with, but a subsequent inventory was made, and proper books were kept from which the trial court and the Court of Civil Appeals found that it could be ascertained with reasonable accuracy what the contents of the lost inventory were. The Supreme Court, however (98 Tex. 115, 81 S. W. 705), apparently upon the reasoning that the subsequent inventories and books were also stipulated for in the policy, held that such failure to preserve and present the "last preceding inventory" was fatal to a recovery.

[2] Whatever might be the views of this court if the question of the propriety of applying so strict a rule were an open one, there is no other course for us to pursue but to follow the holding of our Supreme Court, which necessarily results in a reversal and rendition of the judgment in the present case.

The judgment of the district court is therefore reversed, and judgment here rendered in favor of the plaintiff in error.