HARTFORD FIRE INS. CO. v. ADAMS.

(Court of Civil Appeals of Texas. Texarkana. May 21, 1913. Rehearing Denied June 5, 1913.)

1. INSURANCE (§ 335*)—PROVISIONS FOR FORFEITURE—VALIDITY.

A provision of a policy of insurance on a stock of merchandise requiring the taking of an inventory within 12 months of the last preceding inventory, or, if no inventory had been taken within 12 months of the date of the policy, then within 30 days after the date of the policy, and providing that if this was not done the policy would be void, was valid and enforceable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 852, 853; Dec. Dig. § 335.*]

2. INSURANCE (§ 335*)—FORFEITURE—FAILURE TO TAKE INVENTORY.

Where a policy of insurance on a stock of merchandise required an inventory to be taken within 30 days after its date, and provided that a failure to do so would render the policy void, noncompliance with this provision avoided the policy, and it could not be revived by taking the inventory after the expiration of 30 days and before a fire without the insurer's consent.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 852, 853; Dec. Dig. § 335.*]

3. INSURANCE (§ 335*)—FORFEITURE—FAILURE TO TAKE INVENTORY.

Where a policy of insurance on a stock of merchandise required the taking of an inventory and provided that it should be void unless this was done, the insurer could not be compelled to accept the invoices of the goods purchased by the insured in lieu of an inventory, since it would be assumed that, by stipulating for an inventory, the parties contemplated that there was a practical and substantial difference between an inventory and invoices, especially as the invoices would have no verity as evidence of goods received into the stock of merchandise unless it were shown by other evidence that the goods were checked therewith and found correct, and the goods represented thereby actually received and added to the stock before the close of the period for which they were to be used as an inventory, and the furnishing of the invoices not being a compliance with the policy, the rule of substantial compliance did not apply.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 852, 853; Dec. Dig. § 335.*]

Appeal from Smith County Court; Jesse F. Odom, Judge.

Action by James R. Adams against the Hartford Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

This is a suit on a fire insurance policy covering a stock of merchandise. There was a loss payable clause to defendant in error, and after the fire the insured assigned the policy to him. The policy, among other things, provided: "The following covenant is hereby made a part of this policy and a warranty upon the part of the assured: Section 1. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and within twelve months of the last preceding inventory if such has been taken. Unless such an inventory has been taken within twelve calendar months prior to the date of this policy, and together with a set of books showing a complete record of business transacted since the taking of such inventory, is on hand at the date of this policy, one shall be taken within thirty days after the date of this policy, or in each and either case this entire policy shall be null and void." Plaintiff in error pleaded

that the policy was null and void because the assured failed to take an inventory of his stock of goods within 30 days after the policy; none having been taken before the issuance thereof.

The facts are undisputed. On January 11, 1911, Lloyd Cone opened up a hardware business in Edgewood. On January 19, 1911, the policy sued on was issued to him by plaintiff in error's agent and insured his stock of goods for one year. On June 20, 1911, the insured contracted an undivided half of the stock of merchandise to C. E. Swartztrauber, and on July 1, 1911, an inventory was taken to effectuate the sale. It is an admitted fact that the inventory taken on July 1, 1911, was the first and only inventory ever taken of the stock. A fire destroyed a part of the merchandise on November 23, 1911. The insured testified: "I kept my original invoices showing each item of the goods purchased from the time I opened business to the fire and offer them in lieu of an inventory. They represent the goods I bought." There is no proof that the articles of merchandise represented by the invoices were or were not ever in the store.

Wm. Thompson and Jno. S. Patterson, both of Dallas, for plaintiff in error. Price & Beaird, of Tyler, for defendant in error.

LEVY, J. (after stating the facts as above). [1, 2] By its first assignment the plaintiff in error makes the contention that the failure on the part of the insured to take an inventory of the stock of merchandise within 30 days after the date of the policy worked a forfeiture of the policy, and a verdict should have been directed in favor of plaintiff in error. It was an admitted fact in the trial that an inventory of the stock of merchandise was not taken by the insured within 30 days after the date of the policy, and that none was ever taken before the date of the policy, and the loss occurred several months after the date of the policy. The provision of the policy under consideration has been generally declared by the courts as a valid and enforceable term of contract and to be performed to entitle the insured to recover for a loss. See Insurance Co. v. Mercantile Co., 126 S. W. 616; Id. (Sup.) 135 S. W. 1165. So it must be said that the parties entered into a valid and enforceable contract embraced in the policy wherein it was expressly agreed that "this entire policy shall be null and void" unless (1) "the assured will take a complete itemized inventory of stock on hand," and do so (2) "within thirty days after the date of this policy." There can be no question about what was intended by the parties. The policy was either valid or invalid after the 30 days, according to whether or not the assured took an inventory within the 30 days. If the courts must enforce all valid and reasonable terms of contract, as they must and properly should do, then there could be no justifica-

tion for the court's setting aside the terms of contract because the insured, subsequent to the 30 days, did what he was obligated to do within the 30 days in order to keep the policy in force. The policy being voided by its terms after the 30 days, the subsequent act of taking an inventory in July would not operate to revive the policy without the consent of the insurance company.

[3] Defendant in error relies in this case on invoices of the goods by which they were purchased as being equivalent to an inventory of the stock and as constituting substantial compliance with the requirement of an inventory. The parties having stipulated, as they had the right to do, for a record of the class of an "inventory" which "the assured will take," it is not believed that the courts would be justified in so changing the language of the parties as to compel the insurance company to accept a record of a different class or a substitute for that which it had contracted for. And there is a practical difference between submitting an inventory taken of stock in the store and offering an invoice of goods by which they were purchased. For invoices to have any verity as evidence of goods received into a stock of merchandise, it would become necessary to show outside the invoice that the goods were checked with the invoice at the time they were received into the store and were found to be correct in quantity and soundness, and that the merchandise represented by the invoice was actually received into the house and added to the stock before the close of the period for which the invoices are to be used as an inventory, for it is commonly known that invoices most frequently precede shipments and sometimes the goods are only on approval. It must be assumed that the parties contemplated there was a practical and substantial difference between an inventory and commercial invoices by stipulating, as they did, for an inventory to be taken by the assured. It has been decided that the furnishing of invoices by which goods were purchased was not a compliance with the requirement of taking of an inventory by the assured within 30 days after the date of the policy. Fire Ass'n v. Masterson, 25 Tex. Civ. App. 518, 61 S. W. 962; Insurance Co. v. Knight, 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216; Reynolds v. Insurance Co., 107 Md. 110, 68 Atl. 262, 15 L. R. A. (N. S.) 345. In the case of Insurance Co. v. Delta Bank, 71 Miss. 608, 15 South. 932, the insured was not required to produce invoices in lieu of an inventory under the requirement of a clause that an inventory be taken, kept, and produced. If an insured is not required to produce invoices in lieu of an inventory under the requirement that an inventory be taken and kept then, conversely, the furnishing of invoices would not be a compliance with the requirement that an inventory be taken. The case of Assurance Co. v. Kemendo, 94 Tex. 367, 60 S. W. 661, would

not have full application to the question here, for in that case an inventory had been taken but destroyed by fire at the time the goods burned, and in the instant case there is default in any compliance at all. Defendant in error contends that offering the invoices operates as a substantial compliance with the requirement, and that this was sufficient. It is not believed that, where there has been no compliance or undertaking to comply with the requirements, the rule of substantial compliance could apply. It is correctly said by Justice Brown in the Kemendo Case, supra: "But when there is no compliance whatever there can be no question of a substantial compliance with such requirement." The case of Insurance Co. v. Kearney, 180 U. S. 132, 21 Sup. Ct. 326, 45 L. Ed. 460, has no application to an insured who has never undertaken to comply with the requirements, and therefore does not support the proposition here. Giving full legal effect to the admitted facts under consideration, the policy was voided at the time of the fire; and defendant in error, taking his rights subject to the conditions of the policy, cannot recover. The assignment is sustained.

The judgment is reversed and here rendered for plaintiff in error, with costs of appeal and of the county court.