MECHANICS' & TRADERS' INS. CO. v. DAVIS. (No. 5340.)

(Court of Civil Appeals of Texas. Austin. April 8, 1914. Rehearing Denied May 13, 1914.)

1. INSURANCE (§ 328*)—FORFEITURE—CHANGE IN INTEREST.

Under the clause of a fire policy voiding it in the event of any change in the interest, title, or possession of the subject-matter of insurance, insured having, before the fire, without knowledge of or notice to the insurer, taken in partners in his business, received part of the purchase price, and put one of the purchasers in possession, it is immaterial that he retained a lien on the goods for balance of purchase money, or that after the fire he settled with his partners, and paid back part of the purchase money.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 794–822, 825; Dec. Dig. § 328.*]

2. INSURANCE (§ 335*)—FORFEITURE—FAILURE TO TAKE INVENTORY.

An invoice of goods bought during three months, some time before issuance of a fire policy, does not satisfy a provision of the policy that it shall become void, if a complete, itemized inventory be not taken within a certain time, unless one has been taken within a certain time prior to the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 852, 853; Dec. Dig. § 335.*]

Appeal from McLennan County Court; George N. Denton, Judge.

Action by R. E. Davis against the Mechanics' & Traders' Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Wm. Thompson and Will C. Thompson, both of Dallas, for appellant. J. D. Willis, of Waco, for appellee.

RICE, J. This suit was brought by appellee against appellant to recover for a loss sustained by fire to a stock of electrical fixtures, supplies, and fittings covered by a policy of insurance issued by it to him. The defense urged, after a general denial, was failure on the part of appellee to comply with the iron-safe clause in the matter of taking, preserving, and presenting after the fire the inventories required by the policy, and in failing to keep a set of books, showing

a complete record of business transactions, and that appellee was not the sole and unconditional owner of the property insured, in that he had sold a two-thirds interest therein prior to said fire, and that a change had thereby taken place in the interest, title, and possession of the subject of insurance, in violation of the terms of the policy. A jury trial resulted in a verdict and judgment in behalf of appellee in the sum of $829.60, from which this appeal is prosecuted.

[1] Appellant requested, and the court refused to give, a peremptory instruction to find in its favor, and this refusal is made the basis of several assignments of error, among them the fifth, because, among other reasons, the undisputed evidence showed that a change had taken place in the interest, title, and possession of the subject-matter of insurance, in that on December 9, 1912, appellee sold to G. H. Peters and R. S. Martin an equal partnership interest with him in the goods covered by the contract declared upon, accepting a part of the consideration of such sale, and placing one of said parties in charge of the Waco stock, the goods here involved.

The law seems to be well settled that, under a policy of fire insurance providing for the avoidance thereof in case of change of interest, title, or possession in the subject of insurance, that no recovery can be had thereon in the event of loss, where such change has taken place. The policy contained a clause, in substance, to the effect that, unless otherwise provided by agreement indorsed thereon, it should become void in the event of any change, other than by death of the insured, in the interest, title, or possession of the subject-matter of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured or otherwise. The uncontradicted evidence showed that prior to the fire appellee had sold a two-third interest in his business to G. H. Peters and R. S. Martin, accepting a part of the consideration therefor, and placing the former in charge of his Waco house, of which appellant had no notice or knowledge. We think this sale was in direct violation of the contract of insurance, and defeats appellee's right to recover thereunder. See Insurance Co. v. Ransom, 61 S. W. 144; Assurance Co. v. Bank, 18 Tex. Civ. App. 721, 45 S. W. 737; Foundry Co. v. Assurance Co., 135 Mich. 467, 98 N. W. 9, 3 Ann. Cas. 707; Drennen v. Assurance Co. (C. C.) 20 Fed. 657; Insurance Co. v. Riker, 10 Mich. 279; Malley v. Insurance Co., 51 Conn. 222; Osborn v. Insurance Co., 151 Ill. App. 126; Card v. Insurance Co., 4 Mo. App. 424; Royal Ins. Co. v. Martin, 192 U. S. 149, 24 Sup. Ct. 247, 48 L. Ed. 385; Widincamp v. Insurance Co., 4 Ga. App. 759, 62 S. E. 478; Insurance Co. v. Quinette, 36 Okl. 384, 128 Pac. 722;

Insurance Co. v. Insurance Co., 144 N. Y. 195, 39 N. E. 78, 26 L. R. A. 591, 43 Am. St. Rep. 749; Bacot v. Insurance Co., 96 Miss. 223, 50 South. 732, Ann. Cas. 1912B, 262; Robinson v. Insurance Co. (Ky.) 53 S. W. 660.

This was a complete, and not an executory, contract of sale as contended by appellee, nor is it material, as he contends, that he retained a lien to secure part of the purchase money on said property. Assurance Co. v. Bank, supra. The legal title, by reason of the sale, immediately vested in his partners, and they could have enforced the contract as against him. This being true, there was a complete change in the interest, title, and possession of the property. Nor is it material that subsequent to the fire he had a settlement with his partners, by which he paid back to them part of the purchase money received, because after the fire he could do nothing that would defeat appellant's right to insist on a forfeiture on account of such breach of the contract by him. Hence it must be held to have avoided the same under the provisions thereof above quoted.

[2] It is also urged by the first assignment that, where the contract of insurance stipulates that a complete itemized inventory shall be taken within 30 days after the issuance thereof, unless one had been taken within 12 calendar months prior thereto, the policy becomes void, and no subsequent loss can be recovered thereunder. The policy contains the following provisions:

"First. The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and within twelve months of the last preceding inventory, if such has been taken. Unless such inventory has been taken within twelve calendar months prior to the date of this policy, and together with a set of books showing a complete record of business transacted since the taking of such inventory, is on hand at the date of this policy, one shall be taken within thirty days after the date of this policy, or, in each and either case, this entire policy shall be null and void."

The policy was issued August 19, 1912, at which time appellee had been in business less than 12 months. The first inventory was taken in November, 1912. It is contended, however, on the part of appellee that there was an inventory taken in April before the policy was issued; but this contention is not supported by the record, because the paper that he contends was an inventory merely had incorporated therein the invoice of goods purchased during the months of April, May, and a part of June. This is not such a complete, itemized inventory as the law contemplates. See Fire Ins. Co. v. Adams, 158 S. W. 231; Nat. Union Fire Ins. Co. v. Walker, 156 S. W. 1095; Dorroh v. Insurance Co., 104 Tex. 199, 135 S. W. 1165, and cases cited; Id., 126 S. W. 616, and cases cited; German Ins. Co. v. Bevill, 126 S. W. 31; Nat. Ins. Co. v. Caraway, 130 S.

W. 458; Royal Ins. Co. v. Kline Bros. & Co., 198 Fed. 469, 117 C. C. A. 228; Southern Ins. Co. v. Knight, 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216; Reynolds v. German-Amer. Ins. Co., 107 Md. 110, 68 Atl. 262, 15 L. R. A. (N. S.) 345; Mercantile Co. v. Insurance Co., 114 La. 146, 38 South. 87, 3 Ann. Cas. 821; Day v. Home Ins. Co. (Ala.) 58 South. 550, 40 L. R. A. (N. S.) 652; Phenix Ins. Co. v. Dorsey, 102 Miss. 81, 58 South. 778. Discussing this subject, the Court of Civil Appeals for the Sixth District, through Mr. Justice Levy, in the case of Fire Ins. Co. v. Adams, supra, said:

"Defendant in error relies in this case on invoices of the goods by which they were purchased as being equivalent to an inventory of the stock, and as constituting substantial compliance with the requirement of an inventory. The parties having stipulated, as they had the right to do, for a record of the class of an 'inventory' which 'the assured will take,' it is not believed that the courts would be justified in so changing the language of the parties as to compel the insurance company to accept a record of a different class or a substitute for that which it had contracted for. And there is a practical difference between submitting an inventory taken of stock in the store and offering an invoice of goods by which they were purchased. For invoices to have any verity as evidence of goods received into a stock of merchandise, it would become necessary to show outside the invoice that the goods were checked with the invoice at the time they were received into the store, and were found to be correct in quantity and soundness, and that the merchandise represented by the invoice was actually received into the house and added to the stock before the close of the period for which the invoices are to be used as an inventory, for it is commonly known that invoices most frequently precede shipments, and sometimes the goods are only on approval. It must be assumed that the parties contemplated there was a practical and substantial difference between an inventory and commercial invoices by stipulating, as they did, for an inventory to be taken by the assured. It has been decided that the furnishing of invoices by which goods were purchased was not a compliance with the requirement of taking an inventory by the assured within 30 days after the date of the policy"—citing numerous cases in support of the text.

We think the record fails to show that the appellee complied with this clause of the contract, in that he failed to keep and preserve the inventories required thereby, and that he did not even substantially comply with said clause, because the invoices were not inventories in the sense of this requirement. See Dorroh v. Insurance Co., supra.

We therefore sustain the first and fifth assignments of error, urging that the court erred in failing to give a peremptory instruction in behalf of appellant. The case having been fully developed, it becomes our duty to reverse the judgment of the court below, and here render the same in behalf of appellant, which is accordingly done.

Reversed and rendered.