The appeal is from a judgment entered in favor of the appellee, Easley, in a suit brought by him against the appellant, to recover upon a policy of hail insurance covering 480 acres of cotton. The petition averred the execution and delivery of the policy, the obligation thereunder of appellant to respond to the appellee for all damage done to the cotton crop of appellee by hail and destruction of crops by hail within the period covered by the policy, and sought damages for the full amount of the policy in the sum of $1,920. The appellant interposed certain demurrers to the supplemental petition of appellee, pleaded the general issue and certain provisions of the policy, the material parts of which will be noticed later.
The brief is not presented in accordance with the rules. It is a hybrid document, combining certain features of the new rules with other features of the rules which have been superseded by the rules now in force. It further pays this court the implied compliment of knowing the law by not citing even a single authority to sustain any proposition presented.
We have, nevertheless, examined the assignments to determine whether any of them can be considered. Article 1844, R.S., requires the appellant to file assignments of error distinctly specifying the ground upon which he relies. This has been construed to mean that the ruling of the court complained of must be clearly pointed out in the assignment, and a separate assignment made to each ruling of the court considered objectionable. Considered in the light of these rules, the first twelve of the assignments submitted should be considered. The other two are too general or are multifarious, and therefore not entitled to consideration.
The two assignments apparently coming under the condemnation of the rules referred to are the thirteenth and fourteenth. The thirteenth, in substance, asserts that the court erred in submitting to the jury questions attempting to fix the measure of damages in any other manner than that stipulated and provided for in the contract sued upon; said contract not having been attacked nor sought to be avoided by plaintiff on the grounds of either fraud, accident, or mistake. A reference to the charge of the court shows two separate issues submitted involving the question of damages. The giving of each issue constituted a separate ruling. In addition to this, the assignment is considered entirely too general, and for which reasons consideration of it is refused. Carter v. Guaranty State Bank (Tex.Civ.App.) 262 S.W. 108; Lundell v. Allen (Tex.Civ.App.) 244 S.W. 1098; Cammack v Rogers, 96 Tex. 457, 73 S.W. 795.
The fourteenth is to the effect that the court erred in giving judgment for the plaintiff for the sum of $1,920, because the judgment is excessive and without testimony to support it. The authorities cited above clearly show that this assignment should not be considered.
The remaining assignments will be considered and discussed briefly.
The first seven relate to the action of the court in overruling special exceptions to the plaintiff's first supplemental petition. The supplemental petition sought to plead an estoppel against appellant to assert that it was not liable on the policy. No issue was submitted to the jury by the court on the issue thus tendered by the supplemental petition, and the court's action, even if erroneous, would not be ground for reversal, because under the decisions the failure to submit the issue, and to which failure the appellee did not object, put the issue pleaded in the supplemental petition out of the case. G. H. S. A. Ry. Co. v. Price (Tex.Com.App.) 240 S.W. 524. Therefore, the assignments now under discussion are overruled.
The next two assignments complain of evidence, admitted over objection, to the effect that the amount of appellee's damage on open cotton was $1,720, and the amount of damage on unopen cotton was $845. These assignments are overruled because it is believed that the testimony was not subject to the objection made that it was immaterial, irrelevant, and speculative. As will be stated somewhat more in detail hereinafter, the conclusion has been reached that the contract authorized a recovery in some measure for damages to both open and unopen cotton, and the evidence objected to was material to that issue.
The next three assignments, in order, complain of the action of the court in giving judgment for the plaintiff, for want of evidence to show the amount of the loss for which the defendant was required to respond under the provisions of its policy, in overruling defendant's motion for judgment in favor of defendant upon the answers of the jury, and for giving judgment for the plaintiff because that evidence was wanting to show the proportion which the loss upon the unmatured cotton bore to the value per acre of the sound condition of the unmatured cotton. Consideration of these assignments produces the conviction that each of them raises but the one question, and that was the failure of the court to render judgment for the defendant "non obstante veredicto." The *Page 348 
submission was upon special issues, first, as to the damage sustained to the unopen cotton, which damage the jury found to be $845, and, second, the damage to the open cotton, which was ascertained by the jury to be $1,720. The assignments last referred to suggest but two legal propositions. The first is that no facts were in evidence which would authorize the court to submit the measure of damage as it did, and the second is that the court should have entered judgment for the defendant because the answers of the jury were without testimony to support them. It is now settled by the recent decisions of the Supreme Court that judgment cannot be entered for a party notwithstanding the verdict. Massie v. Hutcheson (Tex.Com.App.) 270 S.W. 544.
In the case just cited it was held that the trial court could not render judgment for the defendant in the face of the verdict for plaintiff, even though such verdict was wholly without evidence to support it, and that the judgment of the Court of Civil Appeals affirming such a judgment was likewise erroneous and subject to reversal. It was there said that, when a verdict is brought into court, the court has two courses open to him; one is to receive the verdict and enter judgment upon it, and the other is to set it aside. Clearly, then, an assignment which complains of the action of the court in not giving judgment for a party, when there is a verdict against him, must be overruled. This decision refutes the further proposition suggested by the assignments under review that the court could, by entering his judgment in favor of one of the parties, thereby correct an error committed against such party in submitting the wrong measure of damages. Neither the sufficiency of the evidence to support a verdict nor the correctness of the court's charge can be tested by assignments to the action of the court in entering judgment on a verdict.
Having illustrated the view entertained as to the assignments of error submitted, we come now to the principal proposition suggested by the brief, and that is that no recovery could be permitted for open cotton. The conclusion has been reached that, although this matter was not properly assigned, it presents a question of fundamental error requiring us to examine the policy and see whether, under its terms, there is any basis for the measure of damages submitted by the court in any respect as to open cotton. In the very recent case of Olguin v. Apodaca (Tex.Com.App.) 228 S.W. 166, it is, in effect, decided that, where from the plaintiff's own testimony it conclusively appears that no recovery can be had, a question of fundamental error is presented. Hence we have decided that it is our duty to read the policy and see whether there was any justification for submitting any question of damages as to open cotton. If there was, the brief has not properly presented any question for review concerning the manner and form of the submission, or of the sufficiency of the testimony, but if it should be determined that no recovery could be had for open cotton, then that part of the verdict allowing a recovery therefor would constitute an error, apparent upon the face of the record.
The policy was put in evidence by the appellee. The provisions relating to open cotton are thought to be the following:
"This company shall not be liable for any loss or damage by hail to the crops hereby described, unless the loss or damage equals 5 per cent. or more of the total hail insurance covering the particular crop so damaged; * * * nor for any loss or damage by hail resulting from the neglect or failure of the assured to cut, pick, pull, gather, or harvest overripe crops.
"When cotton is insured, the liability of the company shall be reduced in the same proportion in which said crop, or any part thereof, matures, or is reduced by picking, pulling, cutting, or other harvesting, or by being in any manner damaged or destroyed. When a boll opens, it shall be considered mature."
In construing the policy of insurance, the law is well established that, when the contract is capable of two interpretations, that construction most favorable to the insured must be adopted. Hartford Fire Ins. Co. v. Dorroh, 63 Tex. Civ. App. 560, 133 S.W. 465; Dorroh-Kelly Mercantile Co. v. Orient Ins. Co., 104 Tex. 199, 135 S.W. 1165; Ætna Life Ins. Co. v. El Paso Electric Ry. Co. (Tex.Civ.App.)184 S.W. 628; Casualty Co. v. Wade, 101 Tex. 102, 105 S.W. 35.
Where the language of a policy is fairly susceptible of making the insurer responsible for the loss or injury, it is the duty of the court to so construe it. Western Indemnity Co. v. MacKechnie (Tex.Civ.App.)185 S.W. 615.
The further rule obtains that an insurance policy must be construed strongly against the company and in favor of the insured. Hardin v. Continental Casualty Co. (Tex.Civ.App.) 195 S.W. 653.
The quoted provisions of the policy do not certainly exclude all damage to open cotton, but are subject to the construction that, in case of loss, the loss must be reduced in proportion as the matured cotton bears to the unmatured. Under the rules stated, that construction, being most favorable to the insured and being fairly susceptible of making the insurer responsible for the loss or injury, must be applied. It is therefore concluded that some liability attaches to the appellant for damages to open cotton.
Having failed to present to this court, in a manner required to invoke its jurisdiction, the questions as to whether the measure of damages was properly proved and submitted, *Page 349 
the appellant has lost the right to have these matters considered.
For the reasons stated, the judgment of the trial court is affirmed.