WAXAHACHIE LOAN AND TRUST COMPANY v. C. C. TURNER.

Decided April 22, 1903.

**Usury—Cotton Contract.**

A contract for delivery of cotton to a factor, to be sold by him, made in connection with a loan of money, held, in connection with evidence not stated, to warrant a finding that it was a mere device to cover usury.

Appeal from the County Court of Ellis. Tried below before Hon. J. E. Lancaster.

*Templeton & Harding,* for appellant.

No briefs were on file for appellee.

STREETMAN, ASSOCIATE JUSTICE.—In this suit appellee recovered as a penalty for usury a sum double the amount of interest paid by him to appellant on two loans.

On December 20, 1899, appellee borrowed from appellant $300, and executed his note of that date, due October 1, 1900, for the sum of $325.80, to bear interest from maturity at 10 per cent per annum. At

the same time and on the same piece of paper, he executed what is termed a "cotton contract," by which he agreed to deliver to appellant forty bales of cotton, to be sold by appellant as factor, and providing that appellee should pay for the services to be rendered by appellant in handling said cotton $1.25 per bale; and providing further that if appellee should fail to deliver said cotton or any part of it, according to said contract, inasmuch as appellant had prepared itself to receive and handle said cotton, appellee should pay $1.25 as liquidated damages on each bale which he failed to deliver.

Appellee also obtained another loan of $40, and executed therefor his note dated April 30, 1900, due September 30, 1900, for $41.90, with 10 per cent interest from maturity, and accompanied by a "cotton contract" of the same character as above described, except that it called for the delivery of six bales of cotton, and provided for a payment of $1 per bale, whether the cotton was delivered to appellant or not.

Appellee in fact only delivered four or five bales of cotton under both contracts. Appellee paid off both notes and contracts in full, and at the time he made the payments, the amounts paid by him were largely in excess of the sums borrowed with 10 per cent interest thereon from the date of the loan.

The lower court found, in effect, that the cotton contracts were not genuine, but were only a cloak to cover usurious interest. We do not deem it necessary to set out all the evidence, but from a careful examination of the record, we are satisfied that there was sufficient evidence to justify the finding of the court.

There are cases in which a contrary finding has been sustained upon evidence somewhat similar to this, but the decisions in those cases recognize that it is a question of fact, and sustain the finding because the trial court or jury so determined it, as we might do in this case, had the finding of the lower court been different. Cockle v. Flack, 93 U. S., 344; Huddleston v. Kempner, 1 Texas Civ. App., 212.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*