HARTFORD FIRE INS. CO. et al. v. WALKER.

(Court of Civil Appeals of Texas. Texarkana. Dec. 27, 1912. Rehearing Denied Jan. 30, 1913.)

1. INSURANCE (§ 668*)—ACTION ON POLICY—QUESTION FOR JURY—FRAUDULENT ALTERATION OF BOOKS.

Whether insured, after a fire, altered his books and records so as to make them show a greater loss than he had in fact suffered for the purpose of collecting a greater amount than was due on the policies, was for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

2. INSURANCE (§ 668*)—ACTION ON POLICY—QUESTION FOR JURY—TIME OF MAKING INVENTORY.

On evidence in an action on insurance policies, held, that the question whether insured took a purported inventory prior to the dates of the policies sued on was for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

3. INSURANCE (§ 668*)—ACTION ON POLICY—QUESTION FOR JURY—SUFFICIENCY OF INVENTORY.

On evidence in an action on insurance policies, held, that the question whether an inventory offered by the insured was a substantial compliance with his contract obligation to furnish an inventory was for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**4. INSURANCE (§ 335*) — FORFEITURE — "INVENTORY"—"ITEMIZED"—"COMPLETE."**

In a provision in a policy that insured should take a "complete itemized inventory of stock on hand," the word "inventory" had the ordinary meaning of a list or schedule of particular property by article or item, the word "itemized" expressly required the stating of each item or article separately, and the word "complete" required that the list or schedule should be full and not partial, so that it was not necessary that the cost or value of the articles listed both in detail and in total be given.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 852, 853; Dec. Dig. § 335.*

For other definitions, see Words and Phrases, vol. 4, pp. 3754, 3755; vol. 4, p. 3798; vol. 2, pp. 1366–1368.]

**5. INSURANCE (§ 146*)—CONSTRUCTION—CONDITION OF FORFEITURE.**

A condition of forfeiture must be construed against insurer, and so as to prevent a forfeiture if the language used will admit of such a construction.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292, 294–298; Dec. Dig. § 146.*]

**6. COURTS (§ 99*)—RULES OF DECISION—COMPANION CASE.**

The rulings in a decided case against one insurance company are decisive of the same questions upon the same facts in a companion case by the same plaintiff against another insurance company.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

**7. TRIAL (§ 191*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.**

A requested charge assuming a particular fact is properly refused as being on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

**8. TRIAL (§ 260*)—REQUESTED INSTRUCTIONS —ISSUES COVERED BY MAIN CHARGE.**

A requested instruction which is covered by the court's main charge is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Error to District Court, Tarrant County.

Actions by J. L. Walker against the Hartford Fire Insurance Company and the Equitable Fire & Marine Insurance Company. Judgments for plaintiff, and defendants bring error. Judgments affirmed.

Defendant in error was a grain dealer and operated a grain warehouse and elevator in the city of Ft. Worth. In the operation of the business he carried stock consisting of oats, wheat, corn, bran, chops, sacks, and twine. On October 3, 1908, a fire occurring in the warehouse destroyed some and injured some of the stock. On the 5th of August, 1908, there was issued to defendant in error an insurance policy for $3,500 by the Equitable Fire & Marine Insurance Company, insuring him against loss or damage by fire to "stock of grain and sacks owned or held by assured." On the 3d of August, 1908, there was issued to defendant in error a policy of insurance for $3,000 by the Hartford Fire Insurance Company, insuring him against loss or damage by fire to "grain in sacks owned or held by assured." Plaintiff sued each company for the loss and damage occasioned to him, and obtained judgment against each separately. As the pleadings are the same in each case, and the questions made are the same on each appeal, counsel treat the two cases as one appeal, and they are here considered together. Besides the usual allegations in the character of suit here, it was averred by defendant in error that in his business he usually and commonly carried in his warehouse wheat, corn, oats, bran, chops, sacks, and twine, and that said stock was such stock as was usually carried by persons engaged in a similar business, and that it was customary among insurance companies doing business in Ft. Worth, including the defendants, in issuing policies of insurance covering such a stock of merchandise, to describe such stock by the general terms used in the policies. The plaintiffs in error answer by general denial, special exceptions, and averring a breach of warranty (1) as to inventory, and (2) as to keeping a proper set of books, and specially pleading that the policy should be held void under its terms for fraud upon the ground that after the fire plaintiff made and caused to be made false and fictitious books, bills, records, and inventories in order to show a compliance with the terms of the insurance policies when there was no such compliance, and in order to collect from each defendant a sum of money which would not otherwise be owing. The verdict of the jury involves a finding on all issues of fact arising in the evidence according to the insistence of the defendant in error, and their findings are supported by the evidence, and are here adopted as the findings of fact of this court.

Wm. Thompson, Jno. S. Patterson, Will C. Thompson, and Geo. S. Wright, all of Dallas, for plaintiffs in error. Capps, Cantey, Hanger & Short and David B. Trammell, all of Ft. Worth, for defendant in error.

LEVY, J. (after stating the facts as above). [1] By the first assignment plaintiffs in error contend that it was error to refuse a peremptory instruction in their favor upon the grounds (1) that the undisputed evidence showed that after the fire the assured had changed and altered his books and records so as to make them show a greater loss than he had in fact suffered, for the purpose of collecting a greater amount of money than was due on the policies, and (2) because the assured had not complied with the terms of the policies as to taking a complete itemized inventory of the stock on hand. As to the first ground, it could not properly be said, we think, that the testimony did not present a dispute sufficient to make an issue for decision by the jury. See same question in companion case of Insurance Co. v. Walker, 146 S. W. 606. The question of fraud in fact, as here, must be submitted to the jury

as being within their province to determine. Drinkard v. Ingram, 21 Tex. 650, 73 Am. Dec. 250; Peiser v. Peticolas, 50 Tex. 638, 32 Am. Rep. 621.

[2] In respect to the second ground of the assignment, it can be here stated that each policy contained the following: "The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and, unless such an inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within thirty days of issuance of this policy, or this policy shall be null and void from such date." Defendant in error introduced in evidence and relied on the following as a compliance on his part with the above clause of the policies:

"On Hand in Warehouse May 18th, 1908.

| 238 | 100# Sax bran |
| 1445 | 160# Sax W. oats |
| 194 | 160# Sax R. oats |
| 2693 | Empty oat sax |
| 18681 | Empty corn sacks |
| 124# | Twine |
| | No corn |
| | No wheat |
| | No chops." |

There was evidence on the part of the bookkeeper of assured going to show that the above was made as an inventory and on the date it bears, and there was listed all the stock on hand at that date, and that it was taken and kept on page A of the ledger, which ledger, with the other books, was kept in the iron safe. There is no pretense made of the taking of any inventory except the above. August 3 and 5, 1908, respectively, were the dates of the issuance of the policies sued on. Considering all the evidence, it was, we think, a question for the jury to answer as to whether or not the defendant in error, in fact, took the purported inventory prior to the dates of the policies sued on.

[3, 5] There is the further objection raised to the effect that it is apparent from the face of the purported inventory that the entries as to the articles listed are so indefinite and uncertain in meaning as to require the court to say as a matter of law that it is not such inventory as required by the terms of the policies. It could not properly be said, we think, as a matter of law, that the inventory was so indefinite and uncertain on its face in respect to the articles listed and the manner and method by which they were shown thereon as to not warrant a finding by the jury of at least a substantial compliance on the part of the assured with his obligation under his insurance contract. It is apparent from the reading that there is intended to be given a detailed list of all the stock on hand in the warehouse at the date of the writing. It can readily be determined from its inspection that there is stated the number of sacks of bran and oats, the weight of each, the number of empty sacks, and the number of pounds of twine. It is known to be a matter of common usage that the character here employed is commonly used to designate "pounds." One familiar with the grain business, even if it is not apparent to persons generally, might determine from its inspection that the terms "W. oats" and "R. oats" are sufficient as the designation for "white oats" and "red oats," respectively, which the evidence shows were the only two grades of oats handled by defendant in error.

It is further objected that it should be decided as a matter of law that the inventory here failed to meet the requirements of the assured's obligation in that respect, for the reason that the cost or value of the articles listed, both in detail and in total, is lacking. Do the stipulated terms "complete itemized inventory of the stock on hand" include invariably in the ordinary and accepted meaning the cost or value of each article listed? The ordinary and accepted meaning of the word "inventory" is a list or schedule of particular property by article or item. See Standard Dictionary, and Webster's; Roberts, Willis & Taylor Co. v. Insurance Co., 19 Tex. Civ. App. 338, 48 S. W. 562. The use of the word "itemized" would seem to further expressly require the stating of each item or article separately. The use of the word "complete" emphatically requires that the said list or schedule should be full, and not partial. The phrase by the usual and ordinary interpretation would therefore mean a full, and not a partial, list of the stock on hand made by giving each item or article of the goods separately. Thus it does not appear from the language of the parties that the cost or value of the goods should be stated in the list. It has frequently been laid down as a rule that the condition of forfeiture must be construed against the insurer, and so as to prevent a forfeiture if the language used would admit of such a construction. It is believed that the terms of contract mentioned should in this record be restricted, as against a forfeiture, to the meaning as we have here construed it. If in any given business it is the general custom to use the word "inventory" in any other sense and meaning than that commonly given it, such does not appear here and is a question aside. The point in judgment in each of the cases Brown v. Insurance Co., 89 Tex. 594, 35 S. W. 1060, and Assurance Co. v. Kemendo, 94 Tex. 367, 60 S. W. 661, cited by plaintiffs in error as ruling the question, was dissimilar to the one here presented, and therefore this case is not ruled thereby. In the Brown Case, supra, the question was whether or not the books presented were sufficient. In the Kemendo Case, supra, no inventory at all was produced, it having been left out of the safe and destroyed by fire at the time the insured goods burned; and the

remarks of what would be a sufficient inventory were manifestly not intended by the court to be a ruling upon the precise question here. The court did not err in passing the case to the jury, and this assignment is overruled.

[6] The points made in the second, third, fourth, and fifth assignments are in effect the same, and under the same facts, as in the companion case of Insurance Co. v. Walker, 146 S. W. 606; and the ruling there is decisive of the questions.

The sixth, seventh, and eighth assignments should, we think, be overruled.

[7] The special charge asked in the ninth assignment was properly refused, as being on the weight of evidence in assuming as a fact that the original entries were made on the books after the fire.

[8] The court's main charge sufficiently presented the issue asked in the special charge mentioned by the tenth assignment, and no injury resulted, and the assignment is overruled.

The judgment in each case is affirmed.