HARTFORD FIRE INS. CO. et al. v.
WALKER. (No. 26–2566.)

(Commission of Appeals of Texas, Section B.
April 2, 1919.)

1. INSURANCE ⬤➾335(2)—FIRE INSURANCE—
IRON-SAFE CLAUSE — INVENTORY — SUFFI-
CIENCY.

An inventory stating neither the value nor the grade of the grain on hand, but giving only the quantity, *held* not a substantial compliance with the portion of the iron-safe clause requiring taking inventory, since by it the value of the stock insured could not be ascertained.

2. INSURANCE ⬤➾335(2)—FIRE INSURANCE—
IRON-SAFE CLAUSE—TAKING OF INVENTORY
WITHIN TWELVE MONTHS—NEW BUSINESS.

The proposition that, where a new business is begun within twelve months from the date of the fire insurance policy with an entirely new stock, the original invoices preserved in such form as otherwise to comply with the iron-safe clause constitute a sufficient inventory, is without application, where the business is a continuation of an old business at a new place.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suits by J. L. Walker against the Hartford Fire Insurance Company and against the Equitable Fire & Marine Insurance Company, respectively. From a judgment of the Court of Civil Appeals (153 S. W. 398), affirming a judgment of the trial court in favor of the plaintiff, the defendants bring error. Judgment of the Court of Civil Appeals reversed, and judgment rendered.

Wm. Thompson, of Dallas, and Jno. S. Patterson, of Austin, for plaintiffs in error.
Capps, Cantey, Hanger & Short and D. B. Trammell, all of Ft. Worth, for defendant in error.

McCLENDON, J. The plaintiff, J. L. Walker, instituted two suits in the district court of Tarrant county, one against the Hartford Fire Insurance Company, and the other against the Equitable Fire & Marine Insurance Company, upon policies issued by said companies under dates of August 3 and August 5, 1908, respectively, insuring plaintiff against loss by fire to a stock of grain situated in plaintiff's warehouse in Ft. Worth. The fire occurred October 3, 1908. The Court of Civil Appeals, Sixth District, affirmed a judgment of the trial court in favor of plaintiff. 153 S. W. 398.

[1] In the view we take of the case, the controlling question is whether there has been a substantial compliance with that portion of the "iron-safe clause" in these policies regarding the taking of an inventory, reading as follows:

"The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and unless such inventory has been taken within twelve calendar months prior to the date of this policy and is on hand at the date of this policy, one shall be taken complete in detail within thirty days after the date of this policy, or this entire policy shall be null and void from such date."

The only evidence of any inventory taken within 12 months prior to the date of these policies was what purported to be an inventory taken on May 18, 1908, found on the fly-leaf of one of plaintiff's ledgers, reading as follows:

On hand in warehouse May 18, 1908:
238 100# sax bran
1445 160# sax W. oats
194 160# sax R. oats
2693 empty oat sax
18681 empty corn sacks
124# twine
No corn
No wheat
No chops

We have reached the conclusion that this inventory does not meet the substantial requirements of the policies. Neither the value nor the grade of the commodities is given. The evidence shows that plaintiff handled both red and white oats; that oats were sold in different grades as follows: No. 1, No. 2, No. 3, No. 4, no grade, and rejected grade; that the price of each grade differs. What constitutes a substantial compliance with the inventory clause of a fire insurance policy has been the subject of frequent adjudication, calling forth various definitions of "inventory." But we believe that whatever view may be taken of the question, and conceding that only a substantial compliance with the policy is required under our decisions, the inventory should present an itemized list of the commodities on hand at the time the inventory is taken, from which the value of the stock can reasonably be ascertained. It is no doubt true that as to a stock consisting of staple articles, such as oats, wheat, corn, and bran, the market value of which can be de-

termined from day to day and which from day to day varies upon the market, the grade and quantity of these commodities would furnish all the data necessary to determine the value at a given date. However that may be, in the present instance there is nothing from which the grade can be determined. The quantity only is given. And in the absence of both value and grade, we believe there, is not even a substantial compliance with the requirement as to inventory.

[2] It is contended, however, that there has been a substantial compliance in this regard, in that the plaintiff had been in business at the place covered by the policy less than 12 months and had preserved and presented to the insurance company after the fire all his inventories. There is support for the proposition that where a new business is begun within 12 months. from the date of the policy, with an entirely new stock of goods, the original invoices covering the first goods placed in the business, and preserved in such form as otherwise to comply with the requirements of the iron-safe clause, would substantially meet the requirements of an inventory. The authorities upon this question are not uniform. The leading case upholding the doctrine appears to be Ruffner Bros. v. Ins. Co., 59 W. Va. 432, 53 S. E. 943, 115 Am. St. Rep. 924, 8 Ann. Cas. 866. To the same effect are Insurance Co. v. Forlines, 94 Ark. 227, 126 S. W. 719, and Insurance Co. v. Hardin (Tex. Civ. App.) 151 S. W. 1152. Contra: Insurance Co. v. Knight, 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216; Day v. Ins. Co., 177 Ala. 600, 50 So. 549, 40 L. R. A. (N. S.) 652. In this same connection, see Joyce on Insurance (2d. Ed.) vol. 3, § 2063, and Ruling Case Law, vol. 14, "Insurance," § 324.

After carefully examining the record, however, we have concluded that this question is not here involved, as the facts do not bring this case within the reasoning of the rule contended for. The evidence shows that the plaintiff began business in the warehouse in question about September 20, 1907; not, however, with an entirely new stock of goods covered by original invoices, but by moving into the building part of the stock from another business conducted by plaintiff. It appears that the plaintiff kept a set of books which purported to show all commodities coming into his warehouse with their grade, quantity, and price, all commodities purchased and sold direct from the cars, and all sales whether from the warehouse or otherwise. These books are not before us, but from the testimony we gather that they cover not only the period of plaintiff's occupancy of the warehouse mentioned in the policy, but some of the items date back several months prior to the time plaintiff began business in said warehouse. The invoices were not kept in such a way as to amount to a substantial

compliance with the policy, regarding the taking of an inventory, nor can we say that the data which an inventory would furnish is presented by the books. Had the plaintiff, upon moving to the warehouse in question, opened up a new set of books which showed all the commodities moved into the warehouse on the date he began business there, there would be much force in the contention that this would meet the substantial requirements of the policy. But where, as in this case, the books appear to be only a continuation of the old business at the new place, we believe there cannot be said to be even a substantial compliance with the policy.

We therefore conclude that the judgment of the Court of Civil Appeals should be reversed and judgment here rendered in favor of both the insurance companies upon the policies, and that Walker should recover $49 against the Equitable Fire & Marine Insurance Company, and $45 against the Hartford Fire Insurance Company, being the amounts of premiums upon the respective policies which were tendered to plaintiff in the pleadings in the trial court; all costs of all courts to be taxed against Walker.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.