**HANOVER FIRE INS. CO. v. MOORE et al. (No. 587—4410.) ***

(Commission of Appeals of Texas, Section B. Feb. 17, 1926.)

Insurance ⊚⟿335(2) — Fire policy, requiring assured to take complete itemized inventory, held not complied with by incomplete inventory of 50 per cent. of assured's stock.

Fire insurance policy, requiring assured to take a complete itemized inventory of stock on hand at certain times, *held* not complied with where only 50 per cent. of assured's stock was itemized in inventory and from portion of inventory taken it was impossible to determine kind and amount of stock.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by T. A. Moore and others against the Hanover Fire Insurance Company. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (272 S. W. 634), and defendant brings error. Reversed and rendered.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.
M. W. Burch and H. E. Lobdell, both of Decatur, for defendants in error.

POWELL, P. J. The opinion of the Court of Civil Appeals, reported in 272 S. W. 634, fully states this case. It is not necessary to repeat that statement here. Dr. T. A. Moore was proprietor of a drug store in the little town of Greenwood, Tex., He carried a $1,500 fire insurance policy on his stock of goods. On October 11, 1922, the latter was totally destroyed by fire. He instituted this suit against plaintiff in error to recover the face value of the policy. Upon a trial before a jury, upon special issues, he recovered in the district court the amount sued for. Upon appeal to the Court of Civil Appeals, that judgment was affirmed.

The policy in suit contained, among other usual clauses, the following provision:

"The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and within twelve months of the last preceding inventory if such has been taken. Unless such an inventory has been taken within twelve calendar months prior to the date of this policy, and together with a set of books showing a complete record of business transacted since the taking of such inventory, is on hand at the date of this policy, one shall be taken within thirty days after the date of this policy, or in each and either case, this entire policy shall be null and void."

The inventory requirement just set out is material and important. The controlling question in this case is whether or not the inventory requirement was complied with by the insured. Upon this point, the Court of Civil Appeals says:

"The appellee attached as an exhibit to his petition an inventory which he positively testified had been taken within 30 days from the date of the issuance of the policy under consideration. This inventory was also introduced in evidence. It covers more than 12 pages of the statement of facts, and consists of approximately some 900 items, which appellee testified aggregated in value something over $4,000. Appellant insists, however, that it was not properly itemized, and hence does not constitute an 'inventory' within the meaning of the warranty clause above quoted. A number of items listed do seem quite indefinite. To illustrate, the following:
"One [Prescription] Case and goods, $400.
"One lot narcotic drugs, $100.
"One lot spectacles, $100.
"One lot paint, $100.
"One lot jewelry, $10.
"One lot crude drugs, $35.
"Alcoloipar Med., $27.80.
"One lot perfume, $20.
"One lot books, $200.
"Cigars and tobacco, $20.
"Fish hooks and lines, $20."

Many opinions have been written upon this question by our Supreme Court and other appellate tribunals. But none is stronger or more enlightening, as we view it, than that written by Justice Brown in the case of Assurance Co. v. Kemendo, 60 S. W. 661, 94 Tex. 367. This authority has been followed repeatedly. We quote from it as follows:

"An itemized inventory is one that specifies the different articles composing the stock insured, and if that which has been offered as a substantial compliance with this requirement does not furnish the means of ascertaining the same facts that an inventory would, then it cannot be held to be a substantial compliance

with the contract. The object of having the inventory made was not to ascertain the gross value of the property insured, but to ascertain the different articles which went to make up the stock in order that the insurance company might test the correctness of the claim in two respects: (1) Whether the articles of which the stock was composed all belonged to the classes of property covered by the policy, and (2) whether the valuation attached to the different items, and which went to make up the total sum expressed, was reasonable. The failure to produce an inventory or that which is equivalent in these particulars could not be held to be a substantial compliance with the requirements of the policy. Roberts, Willis & Taylor Co. v. Insurance Co. [48 S. W. 559] 19 Tex. Civ. App. 338. If the assured had furnished anything from which the information contracted for could be with reasonable certainty ascertained, then the question of substantial compliance would be before the court, but when there is no compliance whatever there can be no question of a substantial compliance with such requirements."

We are not quite sure that the Court of Civil Appeals intends to state that the portions of the inventory it quoted comply with the rule laid down by Judge Brown, supra. In addition to the language of the court heretofore quoted, we also quote the following:

"The rule requiring a complete itemized list in the inventory is to be reasonably construed. To illustrate, one of the items objected to in the list before us is, 'Fish hooks and lines, $20.' Is it necessary that those taking the inventory should have counted the fish hooks and lines and described their size, character, and texture? We think not. We think, as the court charged the jury, that an inventory is sufficient if therefrom, with reasonable certainty, the class, kind, and amount of the various articles or items of goods going to make up such stocks and the value thereof can be ascertained by persons familiar with such matters and stock."

We do not think these portions of the inventory meet the requirement of the law. See, also, Camden Fire Insurance Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; Insurance Co. v. Walker (Tex. Com. App.) 210 S. W. 682; and various decisions of Courts of Civil Appeals mentioned by the court in the instant case. It is impossible to determine the kind and amount of "fish hooks and lines, $20," as shown by this inventory. You do have total value. You have the class of material. But you could not tell whether the $20 aggregate was reasonable or not without some estimate as to the number of boxes of fish hooks or bunches of fish lines. Nor could you ascertain whether or not the $20 was a reasonable total value without knowing the materials from which the lines and hooks were made. The value would depend a great deal upon the quality of the material used. It is not necessary, in all reason, to count each hook and line or measure the length of each line; but some estimate of the quantity of these articles, as well as the quality of material employed, is necessary to any satisfactory determination of the reasonableness of the total value alleged. The experts upon the stand in this case testified that several items in this inventory were too general to permit any fair or reasonable ascertainment of the value of certain articles in this stock of goods. A "lot" of a certain article of merchandise is clearly not an "itemized" inventory thereof.

It will be seen that the Court of Civil Appeals lists items aggregating more than $1,000 which do not constitute an itemized inventory. In the application for writ of error, other items are listed which are equally objectionable. The items they give total more than $1,300 in value. The jury found the total value of the stock to be $2,240.65. So it is undisputed that, most favorably considered for the insured, more than one-half of his inventory did not comply with the contract. That is no "inconsiderable" portion thereof. In the case of Dorroh-Kelly Co. v. Insurance Co., 135 S. W. 1165, 104 Tex. 199, the policy contained this same warranty clause. The inventory covered from 80 per cent. to 90 per cent. of the stock. Only 10 per cent. to 20 per cent. was not inventoried. The exact percentage depends upon the proper interpretation of the testimony of the insured. But Chief Justice Brown took the larger figure and held that there could be no recovery at all. In doing so, he affirmed the judgment of the Court of Civil Appeals which had itself reversed the trial court and rendered judgment for the insurance company. The trial court had allowed a recovery under the policy. We quote as follows from the court's opinion in the Dorroh-Kelly Case, supra:

"The sole question in this case is, does the invoice taken by the plaintiffs in error before the issuance of the policy comply with the terms of the contract as specified in the above copied section of said policy. In determining this question we must apply the same rules of construction that would control in the interpretation of other contracts. The contract, having been prepared by the Insurance Company to express the terms of its own undertaking, must be construed most favorably to the assured, and a substantial compliance with such terms will satisfy the obligation. We come then to the question, does the inventory which was made by the plaintiffs in error before the taking out of the policy substantially comply with these terms of the policy: 'The assured will take a complete itemized inventory of stock on hand at least once in each calendar year,' etc. The invoice must contain a complete itemized statement of the stock on hand in order to meet the requirements of the covenant, and if it does not substantially do so, then the plaintiffs in error can have no right of action thereon.

"In Western Assurance Co. v. Kemendo [60 S. W. 661] 94 Tex. 367, in treating of this subject this court said:" (Here follows quotation from the Kemendo Case already quoted in our opinion.)

Continuing, in the Dorroh-Kelly Case, Chief Justice Brown states:

"Can it be said that an invoice is 'complete,' and 'itemized,' when it does not contain substantially all of the articles embraced in the stock at the time? The very language itself requires this and while it is true that the omission of unimportant items of little value and consequence would not be sufficient to defeat the right of recovery, yet it must be equally true that when the contract has not been complied with in material respects, the plaintiff cannot recover. There was omitted, purposely, from the invoice articles of the value of three or four thousand dollars. This is not insignificant in any sense. It is not shown by the evidence that there was any means by which the articles so omitted could be established as having existed in the stock at the time the policy was issued. There is no ground upon which the claim of a substantial compliance with the contract can be sustained. The Insurance Company could not tell what was the class, or kind, or value of the different items which were omitted from the inventory. It is true that the evidence would sustain the claim that the inventory showed that the articles enumerated were of greater value than the total amount of insurance called for, but this was not the information contracted for. No doubt this was a matter of oversight on the part of plaintiffs in error and works a hardship to them, and we are not able to see from the evidence that it would have been any advantage to the Insurance Company to have had all of the items upon the inventory, but it is not for this court to vary the terms of the contract into which the parties entered nor to speculate as to what might or might not have been the consequences if the contract had been differently expressed. Parties make their own contracts and it is not within the province of this court to vary their terms in order to protect them from the consequences of their own oversights and failures in nonobservance of obligations assumed.

"It being true that no inventory complying with the requirements of the policy had been taken within a year prior to its issuance and the insured having failed to take an inventory in compliance with those terms within thirty days from the time the policy was issued, the law is, that the terms of the contract must prevail and the policy was forfeited."

This decision has never been questioned in any way. It is in harmony with other jurisdictions and the text-book writers. If an inventory, 80 to 90 per cent. valid and the valid portion of which is more than sufficient to warrant the payment of the policy in suit, must be held void, as was done in the Dorroh-Kelly Case, how can it be said that the policy in this suit, which is less than 50 per cent. valid, and the valid portion being insufficient to pay the policy in suit, should be enforced? It cannot be done. The peremptory instruction requested by the insurance company should have been given.

This clause in the policies now has the approval of the state fire insurance commission of Texas. This commission is presumed to look after the interests of the people of Texas who take insurance as well as the interests of the companies. There are several important reasons for its inclusion. It is not necessary for us to speculate on such reasons. These parties have bound themselves. When only 50 per cent. of a stock is itemized in the inventory, then the latter is in no sense complete. We do not say that a failure of any given per cent. is material or immaterial, but we do say that when about one-half of an inventory is invalid, there is no substantial compliance with the contract.

Since, upon the undisputed facts, the insurance company is not liable, we recommend that the judgments of the district court and Court of Civil Appeals be reversed and judgment rendered by the Supreme Court in favor of plaintiff in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for the plaintiff in error.